IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MARIO ARTOLA,                )
                             )
            Petitioner,      )
                             )
    vs.                      )
                             )
UNITED STATES OF AMERICA,    )
                             )  No. 3:94-cr-0056-HRH
            Respondent.      )
_____)

O R D E R

Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241

Mario Artola petitions the court for an order correcting and reducing his sentence.[1] This petition is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

In 1994, a jury found Artola guilty of conspiracy to distribute cocaine. Under the mandatory Sentencing Guidelines then in effect, Artola's base offense level was 34, to which 8 levels of enhancement were added, bringing Artola's total offense level to 42.

---

[1]Docket No. 498.

[2]Docket No. 503.

-1-

Artola had five criminal history points, which resulted in a criminal history category of III.[3] Artola received one point for a 1991 conviction for driving without a valid license. Artola received two points for a 1994 conviction for reckless endangerment,[4] which was also a driving offense. And, Artola received two points because he was on probation for the 1991 driving without a license conviction at the time he committed the federal drug offense for which he was being sentenced.

At sentencing, Artola's counsel made no argument that Artola's criminal history score was over-represented.[5] However, the sentencing judge expressed concern that Artola's two prior convictions involved "traffic matters."[6] Specifically, the sentencing judge stated that "getting into criminal history category three on the basis of these is of some concern to me."[7] But the sentencing judge observed that "even if I were to move Mr. Artola two levels down to a level one, to reflect the possibility that his driving convictions exaggerate the seriousness of his past criminal history, the sentencing range would be

---

[3]Presentence Investigation Report at 19, ¶ 95, SEALED Notice of Filing Exhibit, Docket No. 504.

[4]According to court records, Artola chased another vehicle and fired shots at the vehicle. Id. at 19, ¶ 92.

[5]Artola's counsel advised Artola to not participate in the sentencing proceedings "but to stand on [his] rights under the double jeopardy clause." Imposition of Sentence: Transcript of Proceedings at 5:19-21, Exhibit A, Docket No. 494.

[6]Id. at 9:20-21.

[7]Id. at 9:22-23.

identical."[8] The sentencing judge explained that "if it would make a difference, I might just go ahead and do it sua sponte, but I'm not. Secondly, ... before I did do it sua sponte, I would want to know more information about the wild chase that led to the reckless endangerment."[9]

Based on an offense level of 42 and a criminal history category of III, Artola's guideline range was 360 months to life. The sentencing court imposed the minimum sentence of 360 months.[10]

Artola appealed his conviction and sentence. On appeal, Artola argued ineffective assistance of counsel. United States v. Artola, Case No. 95-30029, 1997 WL 85175, at *1 (9th Cir. Feb. 26, 1997). One of the ineffective assistance arguments that Artola raised concerned an error in addition in the presentence investigation report (PSR). In the original PSR, Artola's total offense level was listed as 42.[11] But, when the enhancements in the report were totaled, they only added up to 40.[12] "The reason for this discrepancy was that although the probation officer contemplated assigning Artola a four-point enhancement

---

[8] Id. at 10:5-8.

[9] Id. at 10:10-12.

[10] Id. at 10:20-24.

[11] Presentence Investigation Report at 17, SEALED Notice of Filing of Exhibit, Docket No. 504.

[12] Id. at 16-17.

-3-

for being the organizer or leader of a criminal activity involving five or more participants, the officer erred in only assigning Artola a two-point enhancement." United States v. Artola, Case No. 99-35423, 2000 WL 158514, at *1, n.2 (9th Cir. Feb. 9, 2000). "When the correct four-point enhancement was recorded in the Supplemental PSR, Artola's total offense level properly totaled 42." Id. The Ninth Circuit rejected this ineffective assistance argument because "counsel's failure to notice the addition error in the presentence report could not have prejudiced Artola, since the sentencing range at offense level 40 is the same as that at offense level 42." Artola, 1997 WL 85175, at *1. After rejecting two other arguments raised by Artola, the Ninth Circuit affirmed Artola's conviction and sentence. Id. at *2.

Artola then petitioned for post-conviction relief, arguing ineffective assistance of counsel prior to trial, at trial, at sentencing, and on appeal. This court denied Artola's § 2255 motion.[13] On appeal, the Ninth Circuit affirmed the denial. Artola, 2000 WL 158514, at *1. The Ninth Circuit rejected Artola's argument that his counsel provided ineffective assistance because he failed "to object that Artola's criminal history was over-repre-sented[,]" observing that "[a]t sentencing, the district court specifically considered reducing Artola's Criminal History Category, but declined to do so because one of his convictions was for a 'wild car chase that led to reckless endangerment,' in which shots were fired and

---

[13]Docket No. 467.

-4-

three firearms were found in Artola's car." Id. at *2. The Ninth Circuit also rejected Artola's argument that "the PSR erroneously indicated that he had committed one of his prior crimes while he was on probation." Id. The court concluded that even if this had been an error, "it would have only dropped Artola from Criminal History Category III to II. Because the sentencing range is the same for both categories at Artola's offense level, level 42, there was no prejudice." Id.

On November 1, 2007, United States Sentencing Commission Amendment 709 went into effect. Amendment 709 addressed how certain misdemeanor and petty offenses were calculated when determining a defendant's criminal history score. More specifically, for purposes of this case, Amendment 709 changed the counting criteria for probation from one year to "more than" one year. Amendment 709 was not given retroactive effect by the Sentencing Commission.

Had Amendment 709 been in effect when Artola's criminal history was calculated, the 1991 driving without a license conviction would not have counted and he would have potentially only had two criminal history points, rather than five. But as Artola acknowledges, at the time Amendment 709 was issued, it had no impact on his minimum guideline sentence because even if his criminal history category were lowered, his sentence remained the same as long as his offense level was 42.

"On November 1, 2014, the [Sentencing] Commission issued Amendment 782 to its Sentencing Guidelines, which lowered the recommended sentences for certain drug crimes[.]" United States v. Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015). "At the same time, the Commission promulgated another amendment, Amendment 788, which amended § 1B1.10 of the Guidelines to authorize district courts to apply Amendment 782 retroactively to reduce the length of certain already-imposed sentences, provided that 'the effective date of the court's order is November 1, 2015, or later.'" Id. (quoting USSG, supp. app'x. C, amend. 788 (2014)).

On December 15, 2014, Artola filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in sentence pursuant to Amendment 782.[14] Artola filed an amended motion on March 16, 2015.[15]

On April 1, 2015, the court denied Artola's motion to reduce his sentence.[16] The court explained that "[g]iving effect to Amendment 782 in this case would reduce defendant's offense level from 42 to 40" but that with a criminal history category III, "the range for sentencing defendant ... would still be 360 months to life."[17] "In other words,

---

[14]Docket No. 485.

[15]Docket No. 493.

[16]Order re Motion to Reduce Sentence at 2, Docket No. 497.

[17]Id.

defendant is not entitled to any sentence reduction ... so long as his criminal history category is III."[18] And as to that issue, the court stated that it "has no power to adjust defendant's criminal history category" because it was not one of the adjustments listed in 18 U.S.C. § 3582(c)(2).[19]

On October 30, 2015, Artola, who is in custody in Yazoo City, Mississippi, filed the instant petition pursuant to 25 U.S.C. § 2255(e) and 28 U.S.C. § 2241, in which he seeks to have the court adjust his criminal history category pursuant to Amendment 709 and then reduce his sentence pursuant to Amendment 782.

## Discussion

As an initial matter, the court must determine whether it has jurisdiction of Artola's petition. "Under the savings clause of § 2255 ... a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (quoting 28 U.S.C. § 2255(e)). "[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court (here, the [Southern District of Mississippi]), even if the § 2241 petition contests the legality of a sentence by falling under the savings clause." Id. "On the other hand, § 2255 motions must be heard

---

[18] Id.

[19] Id.

in the sentencing court (here, the [District of Alaska])." Id. "Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is" as a matter of law, a § 2241 petition or a § 2255 petition. Id.

Artola argues that a prisoner may file a § 2241 petition under the savings clause, or escape hatch as it is also called, if 1) he "lacked a prior opportunity to obtain relief based on the decision on which he now relies because his claim was foreclosed by circuit or Supreme Court precedent at the time of his sentencing, direct appeal, and initial collateral attack under Section 2255[;]"[20] 2) he cannot bring his claim in a second or successive motion under Section 2255; and 3) he can show a fundamental error in the criminal proceedings grave enough to be deemed a miscarriage of justice. Artola argues that he meets all of these requirements and thus the instant petition falls under § 2241, pursuant to the savings clause.

There is a fundamental problem with Artola's argument, namely that his proposed three-part test for filing a § 2241 petition under the escape hatch is contrary to Ninth Circuit law. In the Ninth Circuit, "a prisoner may file a § 2241 petition under the escape hatch when the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006)).

---

[20]Memoranda in Support of Petition for Writ of Habeas Corpus [etc.] at 7, Docket No. 498-1.

Artola's proposed three-part test ignores the "actual innocence" requirement for a § 2241 petition filed under the escape hatch. In the Ninth Circuit, a prisoner must be making a claim of actual innocence in order to file a § 2241 petition under the escape hatch.

"'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). Here, Artola does not argue that he is actually innocent of the drug conspiracy crime for which he was convicted. Rather, his argument is more akin to an argument that he is actually innocent of a sentencing enhancement such as the petitioner in Marrero, who argued "that he [was] 'actually innocent' of being a career offender under the Sentencing Guidelines[,]" made. Marrero, 682 F.3d at 1193. But, in Marrero, the Ninth Circuit held that a prisoner "generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement" because such a claim is a "purely legal claim[.]" Id. The Ninth Circuit did "note that some of [its] sister circuits have recognized exceptions to the general rule that a petitioner cannot be actually innocent of a noncapital sentence under the escape hatch." Id. at 1194. But, the Ninth Circuit did not "decide whether to endorse any of the [three] exceptions recognized

in other circuits, because Petitioner does not qualify for any of them." Id. at 1195. The same is true here.

"First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was <u>factually</u> innocent of the crime that served as the predicate conviction for the enhancement." Id. at 1194. Artola does not claim that he was actually innocent of either of the driving offenses which were the bases for his criminal history points.

"Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible." Id. Artola cannot argue that he received a sentence for which he was statutorily ineligible. If Artola's offense level were reduced from 42 to 40 and his criminal history category reduced to II, his guideline sentence would be 324-405 months. If his offense level were reduced from 42 to 40 and his criminal history category reduced to I, his guideline sentence would be 292-365 months. The 360-month sentence Artola received falls within both of these ranges.

"And third, some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation." Id. at 1195. Artola does not allege any constitutional violations here.

Thus, Artola does not meet the "actual innocence" requirement for a § 2241 petition under the escape hatch. But even if there were no "actual innocence" requirement and

Artola's proposed three-part test applied here instead, Artola's instant petition would still not be a § 2241 petition under the escape hatch. Contrary to Artola's arguments, he cannot meet all three requirements of his proposed test.

The first requirement under Artola's proposed three-part test is that the petitioner must show that he lacked a prior opportunity to obtain relief based on the decision on which he now relies because he was foreclosed by circuit or Supreme Court precedent. Artola argues that he meets this requirement because he is seeking to reduce his sentence by way of a retroactive change to the sentencing guidelines. It is not entirely clear to which change in the guidelines Artola is referring. But, the court assumes it is Amendment 709 because this is the change relating to the calculation of criminal history points and without an adjustment to his criminal history category, Artola is not entitled to a sentence reduction pursuant to Amendment 782. However, Amendment 709 can have no effect on Artola's criminal history calculation because the Sentencing Commission did not make this amendment retroactive nor has Artola cited to any Ninth Circuit authority that suggests that Amendment 709 could have a retroactive effect.

The second requirement under Artola's proposed three-part test is that the petitioner cannot bring his claim in a second or successive motion under Section 2255. Section 2255(h) provides that a second or successive § 2255 petition may only be brought if the petitioner's new claim "bears on his innocence of the underlying crime [or] turns on

a new rule of constitutional law." United States v. Buenrostro, 638 F.3d 720, 723 (9th Cir. 2011). Artola is not arguing that he is innocent of the underlying drug conspiracy for which he was convicted nor is he arguing that this case involves any new rules of constitutional law. Thus, Artola could not bring his current claim for a reduction of his sentence in a second or successive § 2255 motion. But even if Artola meets the second requirement of his proposed three-part test, as discussed above, he did not meet the first requirement, and as discussed below, he cannot meet the third requirement.

The third requirement is that the petitioner must show a fundamental error in the criminal proceedings grave enough to be deemed a miscarriage of justice. Artola argues that he meets this requirement because he was improperly designated as a Category III offender, a categorization that has deprived him of the opportunity to seek a reduction in his sentence based on the retroactive changes to the Sentencing Guidelines. But, there would be no miscarriage of justice here if Artola were not able to file a § 2241 petition under the escape hatch. Artola had an opportunity to raise the over-representation of his criminal history at sentencing; and he raised this issue in his § 2255 petition.

In sum, the court concludes that the instant petition is not a § 2241 petition under the escape hatch because Artola cannot meet the actual innocence requirement.[21] Rather,

---

[21]Had the instant petition been a § 2241 petition under the escape hatch, the court would have transferred the petition to the custodial court, which is the court that has the exclusive jurisdiction to hear such a petition.

the instant petition is an unauthorized second § 2255 petition disguised as a § 2241 petition, over which this court has no jurisdiction. See United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain [Court of Appeals'] authorization, the district court lacks jurisdiction to consider the second or successive application").

## Conclusion

Artola's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed.

DATED at Anchorage, Alaska, this 7th day of April, 2016.

/s/ H. Russel Holland
United States District Judge